Christopher A. Raimondi (CR 8118)
RAIMONDI LAW, P.C.
552 Broadway
Massapequa, NY 11758
(516) 308-4462
Attorneys for Defendant Stuart Silberberg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
SHS ACK, LLC,                          :
                                       :
                 Plaintiff,            :   Civil Action No.: 21-cv-6277
                                       :
        - against –                    :   **DEFENDANT STUART**
                                       :   **SILBERBERG'S ANSWER TO**
STUART SILBERBERG,                     :   **PLAINTIFF'S COMPLAINT**
                                       :
                 Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Defendant Stuart Silberberg ("Silberberg" or "Defendant") files his Answer to Plaintiff

SHS ACK, LLC's ("SHS") Complaint ("Complaint"), answers in similarly numbered

paragraphs, as follows:

        1.      Defendant denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 1 of the Complaint and on that basis

denies same.

        2.      Defendant denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 2 of the Complaint and on that basis

denies same.

        3.      Defendant admits the allegations contained in paragraph 3 of the Complaint.

        4.      Defendant denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 4 of the Complaint and on that basis

denies same.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and on that basis denies same.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and on that basis denies same.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint and on that basis denies same.

8.      Defendant states that the allegations contained in paragraph 8 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.      Defendant admits the allegations contained in paragraph 9 of the Complaint.

10.     Defendant states that the allegations contained in paragraph 10 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 12 of the Complaint to the extent inconsistent therewith.

13.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 13 of the Complaint to the extent inconsistent therewith.

14.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 14 of the Complaint to the extent inconsistent therewith.

15.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 15 of the Complaint to the extent inconsistent therewith.

16.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 16 of the Complaint to the extent inconsistent therewith.

17.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 17 of the Complaint to the extent inconsistent therewith.

18.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 18 of the Complaint to the extent inconsistent therewith.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint and on that basis denies same.

20.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 20 of the Complaint to the extent inconsistent therewith.

21.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 21 of the Complaint to the extent inconsistent therewith.

22.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 22 of the Complaint to the extent inconsistent therewith.

23.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 23 of the Complaint to the extent inconsistent therewith.

24.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 24 of the Complaint to the extent inconsistent therewith.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint and on that basis denies same.

26.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 26 of the Complaint to the extent inconsistent therewith.

27.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 27 of the Complaint to the extent inconsistent therewith.

28.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 28 of the Complaint to the extent inconsistent therewith.

29.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 29 of the Complaint to the extent inconsistent therewith.

30.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 30 of the Complaint to the extent inconsistent therewith.

31.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 31 of the Complaint to the extent inconsistent therewith.

32.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 32 of the Complaint to the extent inconsistent therewith.

33.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 33 of the Complaint to the extent inconsistent therewith.

34.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 34 of the Complaint to the extent inconsistent therewith.

35.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 35 of the Complaint to the extent inconsistent therewith.

36.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 36 of the Complaint to the extent inconsistent therewith.

37.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 37 of the Complaint to the extent inconsistent therewith.

38.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 38 of the Complaint to the extent inconsistent therewith.

39.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 39 of the Complaint to the extent inconsistent therewith.

40.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 40 of the Complaint to the extent inconsistent therewith.

41.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 41 of the Complaint to the extent inconsistent therewith.

42.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 42 of the Complaint to the extent inconsistent therewith.

43.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 43 of the Complaint to the extent inconsistent therewith.

44.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 44 of the Complaint to the extent inconsistent therewith.

45.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 45 of the Complaint to the extent inconsistent therewith.

46.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 46 of the Complaint to the extent inconsistent therewith.

47.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 47 of the Complaint to the extent inconsistent therewith.

48.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 48 of the Complaint to the extent inconsistent therewith.

49.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 49 of the Complaint to the extent inconsistent therewith.

50.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 50 of the Complaint to the extent inconsistent therewith.

51.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 51 of the Complaint to the extent inconsistent therewith.

52.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 52 of the Complaint to the extent inconsistent therewith.

53.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 53 of the Complaint to the extent inconsistent therewith.

54.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint and on that basis denies same.

55.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 55 of the Complaint to the extent inconsistent therewith.

56.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint and on that basis denies same.

57.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 57 of the Complaint to the extent inconsistent therewith.

58.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 58 of the Complaint to the extent inconsistent therewith.

59.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 59 of the Complaint to the extent inconsistent therewith.

60.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 60 of the Complaint to the extent inconsistent therewith.

61.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 61 of the Complaint to the extent inconsistent therewith.

62.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Complaint and on that basis denies same.

63.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 63 of the Complaint to the extent inconsistent therewith.

64.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 64 of the Complaint to the extent inconsistent therewith.

65.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 65 of the Complaint to the extent inconsistent therewith.

66.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 66 of the Complaint to the extent inconsistent therewith.

67.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 67 of the Complaint to the extent inconsistent therewith.

68.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 68 of the Complaint to the extent inconsistent therewith.

69.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 69 of the Complaint to the extent inconsistent therewith.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint.


## CLAIM I
## BREACH OF THE CONSTRUCTION LOAN PAYMENT GUARANTY

76.     Defendant repeats and realleges the above answers as if fully set forth herein.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations contained in Paragraph 80 of the Complaint.


## CLAIM II
## BREACH OF THE CONSTRUCTION LOAN COMPLETION GUARANTY

81.     Defendant repeats and realleges the above answers as if fully set forth herein.

82.     Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 84 of the Complaint to the extent inconsistent therewith.

85.     Defendant denies the allegations contained in Paragraph 85 of the Complaint.

10

86.     Defendant denies the allegations contained in Paragraph 86 of the Complaint.

### CLAIM III
### BREACH OF THE TERM LOAN PAYMENT GUARANTY

87.     Defendant repeats and realleges the above answers as if fully set forth herein.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint.

### CLAIM IV
### RECOVER ATTORNEYS' FEES, COSTS AND COLLECTION COSTS

92.     Defendant repeats and realleges the above answers as if fully set forth herein.

93.     Defendant respectfully refers the Court to the contents of the referenced documents and denies the allegations contained in paragraph 93 of the Complaint to the extent inconsistent therewith.

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies any other allegations of the Complaint, including, but not limited to, the introductory and *ad damnum* paragraphs to the extent not otherwise responded to elsewhere in this Answer.

### ALLEGATION OF DAMAGES

Defendant demands judgment in its favor against Plaintiff, dismissing with prejudice each and every cause of action set forth in the Complaint, together with its attorney's fees and

costs of defense and such other and further relief as the Court shall deem just and reasonable under the circumstances.

## AFFIRMATIVE DEFENSES

By way of further pleading, Defendant hereby sets forth below his affirmative defenses. By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations and asserts the following affirmative defenses.

Defendant also hereby gives notice that he intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend his answer to the Complaint to assert such additional affirmative defenses. Defendant further states that this answer was prepared with the assistance of counsel one day after being retained. Defendant's current counsel was substituted for Akerman LLP because of a conflict arising out of Akerman's representation of a principal of Plaintiff that was not discovered until after Akerman's retention and who refused to waive the alleged conflict. When Defendant's current counsel requested a brief extension of time to answer the complaint immediately after being retained, Plaintiff refused despite its responsibility for causing Defendant's delay in obtaining counsel.

## FIRST AFFIRMATIVE DEFENSE
### (Improper Venue)

Plaintiff has selected an improper venue for resolution of this dispute. In the first instance, the relevant loan documents lay venue in the federal and state courts of the Commonwealth of Massachusetts where the property financed by the loan documents is located.

12

Moreover, the issues to be tried herein directly relate to the administration of the jointly administered bankruptcies of the Borrowers under the lead case captioned *In re NESV Ice, LLC*, Case No. 21-11226 (Bankr. D. Mass.) and allowing the prosecution of this case in the Southern District of New York is also not in the interest of judicial economy.  This action is unquestionably a related case that should be transferred to the bankruptcy court and an appropriate motion to transfer will be forthcoming.  *See Hart v. Bello*, 2011 U.S. Dist. LEXIS 45471, at *8-9 (S.D.N.Y. Apr. 27, 2011); *Lifetime Brands, Inc. v. ARC Int'l, S.A.*, No. 09 Civ. 9792, 2010 U.S. Dist. LEXIS 8320, 2010 WL 454680, at *1 (S.D.N.Y. Jan. 29, 2010); *In re New 118th LLC*, 396 B.R. 885, 891 (Bankr. S.D.N.Y. 2008); *Merrill Lynch Mortgage Capital Inc. v. Esmerian*, No. 08 Civ. 5058, 2008 U.S. Dist. LEXIS 50226, 2008 WL 2596369, at *1 (S.D.N.Y. June 30, 2008); *In re Finnie*, Bankr. No. 05-16373, Adv. No. 05-3652, 2007 Bankr. LEXIS 1895, 2007 WL 1574294, at *12 (Bankr. S.D.N.Y. May 29, 2007); *In re Amanat*, 338 B.R. 574, 579-80 (Bankr. S.D.N.Y. 2005); *N.Y. City Emp. Ret. Sys. v. Ebbers (In re Worldcom, Inc. Sec. Litig.)*, 293 B.R. 308, 322 (S.D.N.Y. 2003); *N.J. Steel Corp. v. Bank of N.Y.*, No. 95 Civ. 3071, 1997 U.S. Dist. LEXIS 18137, 1997 WL 716911, at *7 (S.D.N.Y. Nov. 17, 1997); *In re Lucasa Int'l Ltd.*, 6 Bankr. 717 (Bankr. S.D.N.Y. 1980); *Industri & Skipsbanken A/S v. Levy*, 183 B.R. 58, 65 (S.D.N.Y. 1995); *In re Rustic Mfg. Inc.*, 55 Bankr. 25 (Bankr. W.D. Wis. 1985); *In re Extended Stay Inc.*, 435 B.R. 139, 150 (S.D.N.Y. 2010); *In re Brothers Coal Co.*, 6 Bankr. 567, 571 (Bankr. W.D. Va. 1980).

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff has failed to plead the *prima facie* elements of the claims it asserts in the Complaint and has thus failed to state a claim for which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to use ordinary care and diligence to take all necessary steps to mitigate and minimize any damages Plaintiff claims to have sustained and for which it seeks recovery in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to Join Necessary Parties)**

Plaintiff has failed to join parties necessary and indispensable to the litigation of this action.

**FIFTH AFFIRMATIVE DEFENSE**
**(Unconscionability or Duress)**

The agreements sued upon are unconscionable and/or were entered into under duress as a result of advice given by counsel representing Defendant and Borrowers in connection with the loan documents due to his financial interest in the Lender.  Plaintiff, as alleged successor-in-interest to Lender stands in the shoes of Lender and is answerable for such conduct.

**SIXTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

The agreements sued upon are unenforceable due to the bad faith conduct of counsel representing Defendant and Borrowers in connection with the loan documents due to his financial interest in the Lender.  Plaintiff, as alleged successor-in-interest to Lender stands in the shoes of Lender and is answerable for such conduct.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Wrongful Conduct)**

Plaintiff's claims are barred, in whole or in part, due to the negligent and wrongful conduct of Plaintiff and/or Lender, its alleged predecessor-in-interest.

14

## EIGHTH AFFIRMATIVE DEFENSE
### (Documentary Evidence)

Plaintiff's claims are barred, in whole or in part, by documentary evidence, to wit: the loan documents.

## NINTH AFFIRMATIVE DEFENSE
### (Plaintiff Lacks Standing)

The Complaint must be dismissed on the grounds that Plaintiff lacks standing to assert the claims set forth in the Complaint.

## TENTH AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiff has not incurred any monetary damages.

**WHEREFORE**, Defendant Stuart Silberberg respectfully demands judgment:

(a) dismissing the complaint herein, together with costs and disbursements of this action, and

(b) against SHS awarding Silberberg such other and further relief as the Court may deem just and proper.

Dated: September 17, 2021
      Massapequa, New York

Respectfully submitted,

RAIMONDI LAW, P.C.

By: /s/ Christopher A. Raimondi_____
    Christopher A. Raimondi (CR-8118)

552 Broadway
Massapequa, NY  11758
Telephone: (516) 308-4462
Facsimile: (516) 308-4462
craimondi@raimondi-law.com
*Attorneys for Defendant Stuart Silberberg*

To:

    Daniel H. Oliner, Esq.
    Christopher Marks. Esq.
    Curran Antonelli, LLP
    One World Trade Center, Ste. 8500
    New York, NY 10007
    Tel: (617) 207-8670
    Attorneys for Plaintiff SHS ACK LLC