UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHS ACK, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>STUART SILBERBERG,<br><br>    Defendant. | 1:21-cv-12121-AK |

**NON-PARTY ASHCROFT SULLIVAN SPORTS VILLAGE LENDER, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND IN SUPPORT OF ITS CROSS-MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 45, Non-party Ashcroft Sullivan Sports Village Lender, LLC ("Sports Village Lender"), by and through undersigned counsel, hereby moves this Honorable Court to deny Plaintiff's Motion to Compel and allow Sports Village Lender's Cross-Motion to Quash SHS ACK, LLC's ("SHS") subpoena to produce documents in a civil action ("Subpoena").

**RELEVANT BACKGROUND**

The within matter is straight forward. In June 2016, HarborOne Bank, the predecessor in interest of Plaintiff SHS, made multiple loans to certain entities as part of the development of New England Sports Village in Attleboro, Massachusetts (the "Project"). The Defendant herein, Stuart Silberberg purportedly guaranteed the various HarborOne loans. The loans were apparently deemed in default when SHS acquired them and on or about August 26, 2021, the various entities commenced a bankruptcy proceeding to which SHS and Sports Village Lender are claimants. On

1

July 23, 2021, the Plaintiff brought the action herein against Defendant Silberberg to enforce the personal guarantees on the HarborOne loans.

On March 31, 2022, non-party Sports Village Lender was served with the Subpoena.[1] A copy of the Subpoena is attached hereto as Exhibit A. *See* Ex. A (Subpoena). In an effort to resolve this dispute without Court intervention, Michael Sullivan, Manager of Sports Village Lender phoned counsel for SHS on April 6, 2022, to discuss Sports Village Lender's position on the Subpoena. It was on this call that Sports Village Lender requested the subpoena be withdrawn based on it being overly broad in relation to the underlying claim, that any relevant requested documents were in the possession of SHS and/or Silberberg, the two parties in this case. *Affidavit of Michael Sullivan, ¶3*. Sports Village Lender urged counsel for SHS to withdraw the Subpoena in order for it to avoid unnecessary costs and time. Counsel for SHS responded by admitting—in astounding fashion—that SHS served the same request on Silberberg (and others) and that he was waiting for Silberberg's production. Counsel for SHS said he would run the request to withdraw the subpoena "up the chain" but indicated it was unlikely that it would be withdrawn. *Affidavit of Michael Sullivan, ¶4*. Counsel for SHS followed up via email shortly thereafter stating that SHS will not withdraw the Subpoena. *Affidavit of Michael Sullivan, ¶5*. Thereafter, on April 7, 2022 counsel herein sent an objection to the Subpoena and set forth its objection to each request for documents sought by the Subpoena. A true copy of the Letter to William Gagas, Esq. dated April 7, 2022 is attached hereto as Exhibit B. *See* Ex. B (April 7, 2022 Letter). SHS counsel responded

---

[1] It has come to undersigned counsel attention that a similar document subpoena—if not a carbon copy of the Subpoena—has been served on multiple non-parties to this litigation. These non-parties are claimants or otherwise related to claimants, along with SHS, in the bankruptcy proceedings and viewed as having adverse interests in the bankruptcy proceedings to SHS. This can only logically be viewed as SHS' efforts to harass and unduly burden these third parties, and this Court should treat it as such.

2

by sending a letter in which it threatened to seek sanctions if documents were not produced. See letter dated April 18, 2022 from William Gagas, Esq. to Gary Hogan, Esq. attached hereto as <u>Exhibit C</u>. *See* Ex. C (April 18, 2022 Letter). On April 20, 2022 counsel for Sports Village Lender had a phone conference with counsel for SHS and again reiterated the over broadness of the Subpoena. Counsel for SHS stated that they were seeking documents to defend against Defendant Silberberg's affirmative defenses. Counsel for Sports Village Lender indicated that it was unlikely that his client had any such documents. Counsel for Sports Village Lender again requested that SHS refine its request for documents. See email dated April 26, 2022 attached hereto as <u>Exhibit D</u>. *See* Ex. D (April 26, 2022 Email). In response, counsel for SHS indicated that it would file a Motion to Compel compliance with the Subpoena.

## APPLICABLE LEGAL STANDARD

While a party may serve a subpoena duces tecum upon a third party, such a subpoena "must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *Helget v. Fitbit, Inc.*, No. 21-MC-91150-FDS, 2021 WL 1737300, at *2 (D. Mass. May 3, 2021) (granting motion to quash). "Fed. R. Civ. P. 26(b)(1)(i) generally permits liberal discovery of relevant information" but "[t]he scope of discovery is not unlimited." *Cumby v. Am. Med. Response, Inc.*, No. 3:18-CV-30050-MGM, 2019 WL 1118103, at *3 (D. Mass. Mar. 11, 2019) (allowing motion to quash subpoena for documents). Thus, "the information sought must be: (1) not privileged; (2) relevant to the claim or defense of any party; and (3) proportional to the needs of the case." *Id.* Furthermore, before serving a Rule 45 subpoena, an attorney or party who serves a subpoena must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

A party that wishes to challenge a subpoena may move to quash pursuant to Federal Rule of Civil Procedure 45. Fed. R. Civ. P. (d)(3), which provides, in part, "[o]n timely motion, the court . . . must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv). Additionally, Rule 45 subpoenas must not be overly broad. *See Strahan v. Sec'y, Massachusetts Exec. Off. of Energy & Env't Affs.*, No. 19-CV-10639-IT, 2021 WL 621204, at *3 (D. Mass. Feb. 17, 2021).

It is important to note that the First Circuit evaluates discovery issues differently for non-parties to a given litigation: "Although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998).

Sports Village Lender—a non-party to this lawsuit—should not be forced to spend time and money on a fishing expedition, and therefore respectfully requests that this Honorable Court grant its Motion and award attorney's fees and costs to Sports Village Lender in connection with this Motion.

**ARGUMENT**

**I.   THE REQUESTED DOCUMENTS IN THE SUBPOENA ARE READILY AVAILABLE FROM A PARTY TO THE ACTION**

Subpoenas that seek documents that are readily available from a party to a litigation are considered unduly burdensome. This Court ruled in February 2021, that when "'material sought by subpoena is readily available, either from a party to the action or from a public source, obtaining

it through subpoena on a nonparty witness often will constitute an undue burden.'" *Strahan*, 2021 WL 621204 at *3 (quoting 9 James Wm. Moore et al., Moore's Federal Practice, Civil § 45.32 (2020)). The *Strahan* court granted the non-party's motion to quash, stating that the subpoena at issue created "undue burden" on the subpoenaed party because the subpoenaing party "sought to have [a] non-party [] duplicate production that [subpoenaing party] either has already obtained . . . or could have obtained[.]" *Id.*

Here, SHS's Subpoena not only seeks documents that are readily available from Defendant Silberberg, but also documents that are in its own possession: "All communications between you and SHS." Ex. A at 6, ¶ 8. Moreover, there is no suggestion that the documents requested in the Subpoena would *only* be available from Sports Village Lender. *See* Ex. A; *see also Strahan*, 2021 WL 621204 at *4 (allowing plaintiff to serve new, limited subpoena for documents that are only available from specific non-party). As stated, *supra*, counsel for SHS already admitted to undersigned counsel that the documents requested in the Subpoena can be obtained from Defendant Silberberg, SHS just hasn't received them yet. Additionally, SHS has already requested and/or received many of the documents asked for in the Subpoena in the on-going Chapter 11 bankruptcy proceeding in the District of Massachusetts that involves most—if not all—the persons and/or entities listed in the Subpoena, Ex. A at 6. *See In re: NESV Ice, LLC, et al.*, Case No. 21-11226-CJP (Bankr. D. Mass. Sept. 26, 2021).

It is evident on its face that SHS's Subpoena seeks "duplicate production" that it "either has already obtained . . . or could have obtained[.]" *Strahan*, 2021 WL 621204 at *3. Sports Village Lender believes that the same documents set forth in the Subpoena were also sought from the Defendant as well as other multiple non-parties. *Affidavit of Michael Sullivan, ¶¶4,12*. Therefore, the subpoena is—as this Court has previously determined—unduly burdensome on a

non-party and must be quashed. *Id.* at 3–4.

Sports Village Lender has no employees, it is a one-man operation. *Affidavit of Michael Sullivan, ¶8.* To undertake the search requested by SHS would be extremely time-consuming, and unduly burdensome. It will require the searching and likely reading of thousands of immaterial documents and communications. *Affidavit of Michael Sullivan, ¶11.*

II. **THE SUBPOENA IS OVERLY BROAD, UNDULY BURDENSOME, SEEKS DOCUMENTS THAT ARE NEITHER RELEVANT TO THIS LITIGATION NOR REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE**

This court must quash a subpoena that is impermissibly broad and unduly burdensome to the holder of the subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv).

Here, overbreadth and undue burden work in tandem. For example, Request Nos. 1, 4, and 6 seek "all communications" with up to 14 different people and/or entities as well as "any other person" that may involve the all-encompassing phrase "business and financial affairs." *See* Ex. A at 6, ¶¶ 1, 4, 6. This Court should note that nearly all the people and/or entities listed in Request Nos. 1, 4, and 6 are non-parties to this litigation. *Id.* With regard to Requests Nos. 2, 3, and 5, they seek "all documents" involving non-parties that may concern a laundry list of financial instruments or documents. *Id.* at 6, ¶¶ 2, 3, 5. Likewise, Request No. 7 seeks speculative communications or documents from non-parties to this litigation. *Id.* at 6, ¶ 7. Furthermore, Request No. 9 is the transparent catch-all of "All documents and communications between you and any person concerning SHS," which, of course, is ironic given the broad, catch-all nature of the other eight requests. *Id.* at 6, ¶ 9. But nevertheless, the Subpoena's 'coup de grâce' is where SHS seeks "all communications between [Sports Village Lender]" <u>and itself</u>, which are in the possession, custody, and control of SHS. *Id.* at 6, ¶ 8.

During conversations with Counsel, they indicated that they are seeking, in part, documents to defend against Defendant Silberberg's affirmative defenses. However, these affirmative defenses are to the claims involving the HarborOne loans that were guaranteed by Defendant Silberberg, not Sport Village Lenders loans and therefore it is unclear how communications between Sports Lender Village and its investors, or payments made to Sports Lender Village (which were already produced to SHS in the Bankruptcy action) are relevant or reasonably calculated to lead to the discovery of admissible evidence concerning Defendant Silberberg's breach of the HarborOne guarantees. Moreover, since Sports Village Lender was not involved in the underlying loan between Mr. Silberberg and HarborOne a search will not result in the production of relevant and material documents. *Affidavit of Michael Sullivan, ¶11*.

Not only do Request Nos. 1–9 cast a net meant for a commercial fishing boat regarding from whom it seeks communications and documents, they also do not include a specified temporal period for any one of these communications or documents and further have no relevancy to the alleged breach of personal guaranty by Silberberg. *Id.* These wide-ranging and voluminous requests are thus wholly inappropriate; this is especially true considering the First Circuits' distinction between the treatment of parties to a litigation and the treatment of non-parties in a given discovery dispute. *See Cusumano*, 162 F.3d at 717.

## CONCLUSION

WHEREFORE, based on the foregoing Sports Village Lender requests that this Honorable Court deny Plaintiff's Motion to Compel and grant its Cross Motion to Quash the Subpoena, and award attorney's fees and costs in connection with bringing this motion.

                                              Respectfully submitted by,
                                              Ashcroft Sullivan Sports
                                              Village Lender, LLC
                                              By their attorney,

                                              */s/ Gary M. Hogan*
                                              GARY HOGAN, ESQ.
                                              BBO No. 642002
                                              garyh@bbb-lawfirm.com
                                              Baker, Braverman & Barbadoro, P.C.
                                              300 Crown Colony Drive, Suite 500
                                              Quincy, MA 02169
Dated: May 6, 2022                          (781) 848-9610

## **CERTIFICATE OF SERVICE**

    I, Gary M. Hogan, hereby certify on this 6th day of May, 2022, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

                                              /s/ Gary M. Hogan
                                              Gary. M. Hogan