UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHS ACK, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>STUART SILBERBERG,<br><br>　　　Defendant. | 1:21-cv-12121-AK |

**AFFIDAVIT OF MICHAEL SULLIVAN IN OPPOSITION OF PLAINTIFF'S MOTION TO COMPEL AND IN SUPPORT OF NON-PARTY ASHCROFT SULLIVAN SPORTS VILLAGE LENDER, LLC's CROSS-MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS**

I, Michael Sullivan, hereby submit this Affidavit upon oath in Opposition to Plaintiff's Motion to Compel and in support of the Motion to Quash filed herewith.

1. I am a Manager of Ashcroft Sullivan Sports Village Lender, LLC ("Sports Village Lender"), which is a Delaware limited liability company.

2. On March 31, 2022, Sports Village Lender was served with SHS ACK, LLC's ("SHS") subpoena that is attached to the Motion to Quash as Exhibit A ("Subpoena").

3. On April 6, 2022, I contacted William Gagas, counsel for SHS to discuss Sports Village Lender's position on the Subpoena. On behalf of Sports Village Lender I requested that the Subpoena be withdrawn based on it being overly broad in relation to the underlying claim, that any relevant requested documents were in the possession of SHS and/or Silberberg, the two parties in this case. I urged counsel for SHS to withdraw the Subpoena in order for it to avoid unnecessary costs and time.

4. Counsel for SHS responded by admitting that SHS served the same request on Silberberg, (and others) and that it is still waiting for Silberberg's production. Counsel for SHS said he would run the request to withdraw the Subpoena "up the chain" but indicated it was unlikely that it would be withdrawn

5. Counsel for SHS followed up via email shortly thereafter stating that SHS will not withdraw the Subpoena.

6. The requested information is extremely broad and appears to go well beyond the underlying claims and defenses.

7. Sports Village Lender was not involved with the HarborOne loans that resulted in the personal guarantees that were executed by Defendant Silverberg that are the subject matter of the litigation herein.

8. Sports Village Lender has no employees and is managed by me and through part-time assistance.

9. To undertake the search requested by SHS would be extremely time-consuming, and unduly burdensome.

10. It will require the searching and likely reading of thousands of immaterial documents and communications.

11. Since Sports Village Lender was not involved in the underlying loan between Mr. Silberberg and HarborOne a search will not result in the production of relevant and material documents.

12. As previously mentioned, the exact same information being requested of Sports Village Lender has been requested from at least one other non-party and according to counsel for SHS has also been requested of the defendant, Silberberg.

Signed under the pains and penalties of perjury this 6th day of May, 2022.

                                                                                                       _____

                                                                                                       Michael Sullivan