# EXHIBIT B

# Baker, Braverman & Barbadoro, P.C.

ATTORNEYS AND COUNSELORS AT LAW
300 CROWN COLONY DRIVE
SUITE 500
QUINCY, MASSACHUSETTS 02169-0904

TELEPHONE
(781) 848-9610

TELECOPIER
(781) 848-9790

INTERNET ADDRESS
WWW.BBB-LAWFIRM.COM

WARREN F. BAKER
PAUL N. BARBADORO
GENE J. GUIMOND
CHRISTOPHER J. SULLIVAN
THERESA BARBADORO KOPPANATI**
LISA BOND
GARY M. HOGAN*

LAWRENCE A. DINARDO
SUSAN M. MOLINARI
KIMBERLY K. KROHA***

RICHARD C. ASH
KASSANDRA C. TAT
ALEXANDER N. MENDEZ

*ALSO ADMITTED IN RI
**ALSO ADMITTED IN NY & CA
***ALSO ADMITTED IN FL

JONATHAN BRAVERMAN (Retired)

OF COUNSEL
DUANE G. SULLIVAN
DOUGLAS C. PURDY (1943-2016)

April 7, 2022

***Via First Class Mail and***
***Email: wgagas@curranantonelli.com***
William Gagas, Esq.
Curran Antonelli, LLP
10 Post Office Square
Suite 800 South
Boston, MA  02109

Re:  **Subpoena Directed to Ashcroft Sullivan Sports Village Lender, LLC**

Dear Mr. Gagas:

As you are aware this firm represents Ashcroft Sullivan Sports Village Lender, LLC. ("Sports Village Lender"). Please be advised that pursuant to Federal Rules of Civil Procedure, Rule 45(d)(2)(B), Sports Village Lender objects to the Subpoena for Documents, served upon it by SHS ACK, LLC ("SHS") (the "Subpoena") as follows:

**REQUEST 1**
All communications between you on the one hand and any of the Borrowers, Silberberg, Ajax, Ajax Advisors, Five Capital Management, JBH, Boucher, Fitzpatrick, Five Capital Management, Reilly, Blatt, D. Patel, Patel, LLC, ESMSYS and/or any other person on the other concerning any loan, loan advance, equity contribution or any other similar payment or transfer made by you to Ajax or the Borrowers.

**OBJECTION**
Sports Village Lender objects to the Subpoena on the grounds that it is vague, overbroad, not reasonably limited in scope or time and therefore unduly burdensome. Sports Village Lender objects to the Subpoena to the extent that it seeks documents that are neither relevant nor

William Gagas, Esq.
Curran Antonelli, LLP
April 7, 2022
Page 2

reasonably calculated to lead to the discovery of admissible evidence. Sports Village Lender further objects to the Subpoena to the extent that it seeks documents already in the possession of SHS and/or easily accessible from a party to the litigation. Sports Village Lender also objects to the Subpoena on the grounds that it is an attempt to improperly obtain information relating to the chapter 11 bankruptcy cases instituted by NESV Ice, LLC and its affiliated debtors (collectively "NESV"), including confirmation of the joint plan filed by NESV and others. Lastly, Sports Village Lender objects to the Subpoena on the grounds that to search for the documents requested would cause an undue hardship and expense upon this non-party.

**REQUEST 2**
All documents concerning any loan, loan advance, equity contribution or any other similar payment or transfer made by you to Ajax or the Borrowers, including but not limited to any loan application, promissory note, loan agreement, mortgage, guarantee, loan advance request or any other similar documents concerning or evidencing any such payment or transfer and all communications related thereto.

**OBJECTION**
Sports Village Lender objects to the Subpoena on the grounds that it is vague, overbroad, not reasonably limited in scope or time and therefore unduly burdensome. Sports Village Lender objects to the Subpoena to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sports Village Lender further objects to the Subpoena to the extent that it seeks documents already in the possession of SHS and/or easily accessible from a party to the litigation. Sports Village Lender also objects to the Subpoena on the grounds that it is an attempt to improperly obtain information relating to the chapter 11 bankruptcy cases instituted by NESV Ice, LLC, and its affiliated debtors (collectively "NESV"), including confirmation of the joint plan filed by NESV and others. Lastly, Sports Village Lender objects to the Subpoena on the grounds that to search for the documents requested would cause an undue hardship and expense upon this non-party.

**REQUEST NO. 3**
All documents concerning Ajax and/or the Borrowers' use of any monies advanced by you to them, including but not limited to any bank account statements, checks, canceled checks, deposit slips, withdrawal slips, wire transfer receipts, bill.com reports, invoices or any other similar documents and all communications related thereto.

**OBJECTION**
Sports Village Lender objects to the Subpoena on the grounds that it is vague, overbroad, not reasonably limited in scope or time and therefore unduly burdensome. Sports Village Lender objects to the Subpoena to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sports Village Lender further objects to the Subpoena to the extent that it seeks documents already in the possession of SHS and/or easily accessible from a party to the litigation. Sports Village Lender also objects to the Subpoena on the grounds that it is an attempt to improperly obtain information relating to the chapter 11 bankruptcy cases instituted by NESV Ice, LLC, and its affiliated debtors (collectively

William Gagas, Esq.
Curran Antonelli, LLP
April 7, 2022
Page 3

"NESV"), including confirmation of the joint plan filed by NESV and others. Lastly, Sports Village Lender objects to the Subpoena on the grounds that to search for the documents requested would cause an undue hardship and expense upon this non-party.

**REQUEST NO. 4**
All communications between you on the one hand and any of the Borrowers, Silberberg, Ajax, Ajax Advisors, Five Capital Management, JBH, Boucher, Fitzpatrick, Five Capital Management, Reilly, Blatt, D. Patel, Patel, LLC, ESMSYS and/or any other person on the other concerning the business and financial affairs of the Borrowers.

**OBJECTION**
Sports Village Lender objects to the Subpoena on the grounds that it is vague, overbroad, not reasonably limited in scope or time and therefore unduly burdensome. Sports Village Lender objects to the Subpoena to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sports Village Lender further objects to the Subpoena to the extent that it seeks documents already in the possession of SHS and/or easily accessible from a party to the litigation. Sports Village Lender also objects to the Subpoena on the grounds that it is an attempt to improperly obtain information relating to the chapter 11 bankruptcy cases instituted by NESV Ice, LLC, and its affiliated debtors (collectively "NESV"), including confirmation of the joint plan filed by NESV and others. Lastly, Sports Village Lender objects to the Subpoena on the grounds that to search for the documents requested would cause an undue hardship and expense upon this non-party.

**REQUEST NO. 5**
All documents concerning the Borrowers' business operations and/or income or expenses derived or resulting therefrom, including any rent rolls, general ledgers, accounts receivable reports, balance sheets, income statements, QuickBooks reports, bill.com reports, cash-flow statements or other similar documents, and all communications related thereto.

**OBJECTION**
Sports Village Lender objects to the Subpoena on the grounds that it is vague, overbroad, not reasonably limited in scope or time and therefore unduly burdensome. Sports Village Lender objects to the Subpoena to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sports Village Lender further objects to the Subpoena to the extent that it seeks documents already in the possession of SHS and/or easily accessible from a party to the litigation. Sports Village Lender also objects to the Subpoena on the grounds that it is an attempt to improperly obtain information relating to the chapter 11 bankruptcy cases instituted by NESV Ice, LLC, and its affiliated debtors (collectively "NESV"), including confirmation of the joint plan filed by NESV and others. Lastly, Sports Village Lender objects to the Subpoena on the grounds that to search for the documents requested would cause an undue hardship and expense upon this non-party.

**REQUEST NO. 6**
All communications concerning any mortgage granted by the Borrowers to you.

**OBJECTION**
Sports Village Lender objects to the Subpoena on the grounds that it is vague, overbroad, not reasonably limited in scope or time and therefore unduly burdensome. Sports Village Lender objects to the Subpoena to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sports Village Lender further objects to the Subpoena to the extent that it seeks documents already in the possession of SHS and/or easily accessible from a party to the litigation. Sports Village Lender also objects to the Subpoena on the grounds that it is an attempt to improperly obtain information relating to the chapter 11 bankruptcy cases instituted by NESV Ice, LLC, and its affiliated debtors (collectively "NESV"), including confirmation of the joint plan filed by NESV and others. Lastly, Sports Village Lender objects to the Subpoena on the grounds that to search for the documents requested would cause an undue hardship and expense upon this non-party.

**REQUEST NO. 7**
All communications, correspondence or other statements between you on the one hand and any other person on the other concerning an actual or potential investment in the Borrowers, directly or indirectly, including, but not limited to, communications with D. Patel, Patel, LLC, ESMSYS or any other person.

**OBJECTION**
Sports Village Lender objects to the Subpoena to the extent that it seeks information protected by the attorney-client privilege. Sports Village Lender objects to the Subpoena on the grounds that it is vague, overbroad, not reasonably limited in scope or time and therefore unduly burdensome. Sports Village Lender objects to the Subpoena to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sports Village Lender further objects to the Subpoena to the extent that it seeks documents already in the possession of SHS and/or easily accessible from a party to the litigation. Sports Village Lender also objects to the Subpoena on the grounds that it is an attempt to improperly obtain information relating to the chapter 11 bankruptcy cases instituted by NESV Ice, LLC, and its affiliated debtors (collectively "NESV"), including confirmation of the joint plan filed by NESV and others. Lastly, Sports Village Lender objects to the Subpoena on the grounds that to search for the documents requested would cause an undue hardship and expense upon this non-party.

**REQUEST NO. 8**
All communications between you and SHS.

**OBJECTION**
Sports Village Lender objects to the Subpoena on the grounds that it is vague, overbroad, not reasonably limited in scope or time and therefore unduly burdensome. Sports Village Lender objects to the Subpoena to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sports Village Lender further objects to the Subpoena to the extent that it seeks documents already in the possession of SHS and/or easily accessible from a party to the litigation. Sports Village Lender also objects to

William Gagas, Esq.
Curran Antonelli, LLP
April 7, 2022
Page 5

the Subpoena on the grounds that it is an attempt to improperly obtain information relating to the chapter 11 bankruptcy cases instituted by NESV Ice, LLC, and its affiliated debtors (collectively "NESV"), including confirmation of the joint plan filed by NESV and others. Lastly, Sports Village Lender objects to the Subpoena on the grounds that to search for the documents requested would cause an undue hardship and expense upon this non-party.

**REQUEST NO. 9**
All documents and communications between you and any person concerning SHS.

**OBJECTION**
Sports Village Lender objects to the Subpoena to the extent that it seeks information protected by the attorney-client privilege. Sports Village Lender objects to the Subpoena on the grounds that it is vague, overbroad, not reasonably limited in scope or time and therefore unduly burdensome. Sports Village Lender objects to the Subpoena to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sports Village Lender further objects to the Subpoena to the extent that it seeks documents already in the possession of SHS and/or easily accessible from a party to the litigation. Sports Village Lender also objects to the Subpoena on the grounds that it is an attempt to improperly obtain information relating to the chapter 11 bankruptcy cases instituted by NESV Ice, LLC and its affiliated debtors (collectively "NESV"), including confirmation of the joint plan filed by NESV and others. Lastly, Sports Village Lender objects to the Subpoena on the grounds that to search for the documents requested would cause an undue hardship and expense upon this non-party.

    Given that SHA has admitted that the documents requested in the Subpoena can be obtained from Defendant Silberberg, but haven't been received yet, it is our position that this Subpoena was advanced in bad faith. This conduct is contrary to the responsibility imposed upon you to take reasonable steps to avoid and mitigate imposing any undue burden or expense upon third parties. Accordingly, pursuant to Rule 45(d)(1), should this matter proceed further Sports Village Lender will request the Court to enforce this duty and impose the appropriate sanctions upon you and SHS as expressly provided for in Subsection (d)(1) of Rule 45.

    Should you have any questions or should you wish to discuss this matter further, please do not hesitate to contact me.

Very truly yours,

GARY M. HOGAN

cc:    Client