UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHS ACK, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 21-CV-12121-AK |
| STUART SILBERBERG, | ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM AND ORDER ON SILBERBERG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

**A. KELLEY, D.J.**

Defendant Stuart Silberberg has filed a motion to compel the production of documents from non-party Jeffrey Leerink, who is represented by counsel for Plaintiff, SHS ACK, LLC ("SHS"). [Dkt. 116]. The dispute that gives rise to this motion is a subpoena dated March 30, 2023, that was purportedly served upon Leerink. [See Dkt. 116-1]. That subpoena allegedly included a Schedule A—listing nineteen document requests. [Id. at 4-7]. Silberberg filed the present motion on April 27, 2023, attaching this March 30, 2023 subpoena, however, failed to include proof of service or any other document indicating Leerink actually received the Schedule A attached to the subpoena at issue. [Dkt. 116]. He also does not provide any indication that efforts were made to serve a subpoena *duces tecum* and collect the documents prior to the close of discovery. [Dkt. 116-1]. Silberberg now argues that Leerink failed to produce documents responsive to the Schedule A request and moves to compel his compliance. [Dkt. 116]. For the following reasons, Silberberg's motion to compel production of documents [Dkt. 116] is **DENIED.**

1

I.   **BACKGROUND**

The parties find themselves at an impasse after the subpoena for Leerink's deposition was issued originally June 15, 2022 and reissued several times with little regard for discovery deadlines.  The initial discovery deadline was June 30, 2022, and was extended several times.  At the parties' request, the Court first extended discovery from June 30, 2022 to September 30, 2022.  [Dkt. 61; Dkt. 62].  Following a hearing, the Court then extended the close of fact discovery deadline to October 21, 2022.  [Dkt. 71].  No further motions to extend discovery were filed.  According to SHS, just prior to the close of each discovery deadline, Silberberg raised his interest in taking the deposition of Leerink.  [Dkt. 118].

   A.   **Attempts To Schedule Leerink's Deposition**

Leerink acknowledges that he was first served a deposition subpoena on June 15, 2022, however, he argues there was no Schedule A attached.  [Dkt. 118 at ¶ 13].  The Court can confirm the issuance of this June 2022 subpoena because Silberberg attached it to a previous, separate motion "to compel Jeffery Leerink to attend his deposition and for the imposition of sanctions," along with proper proof of service of the subpoena, filed March 30, 2023 – five months after the extended close of discovery.  [Dkt. 106; Dkt. 107-1 at 5-9].  The June 2022 subpoena was not in fact a subpoena *duces tecum* and did not include a Schedule A.  [Dkt. 107-1 at 5-9].  Also attached to the March 30, 2023 motion to compel is the second reissued subpoena with proof of service – which includes the same Schedule A document request reflected in the instant motion – dated September 16, 2022, for an October 20, 2022 deposition.  [Dkt. 107-5 at 4-14; Dkt. 116-1].  Notably, among these subpoenas are additional attachments of emails between Silberberg and SHS counsel arranging depositions for Leerink and others well past the close of the extended discovery deadline, September 30, 2022.  [Dkt. 107-1; Dkt. 107-2; Dkt.

2

107-3; Dkt. 107-4; Dkt. 107-5; Dkt. 107-6; Dkt. 107-7; Dkt. 107-8; Dkt. 107-9; Dkt. 107-10; Dkt. 107-11; Dkt. 107-12; Dkt. 107-13].  The October 20, 2022 deposition of Leerink never occurred, and there are subsequent email exchanges dated between October 11, 2022 and December of 2022, indicating that the parties were rescheduling Leerink's deposition (among others noticed by SHS) for a much later date.  [See Dkt. 107-6; Dkt. 107-7; Dkt. 107-8; Dkt. 107-9; Dkt. 107-10; Dkt. 107-11; Dkt. 107-12; Dkt. 107-13; Dkt. 107-14].  The parties never filed a second motion to extend the deadlines or bothered to seek the Court's permission for these extended discovery plans.

        B.        **The Court Briefly Reopens Discovery**

Silberberg and SHS appeared before the Court on April 13, 2023, for a status hearing. [Dkt. 113].  The Court reminded the parties that discovery was closed, inquired why there were still unresolved discovery issues, and then asked whether there was any outstanding discovery that needed to be addressed.  Silberberg represented that Leerink owed documents that were previously requested in the March 30, 2023 subpoena *duces tecum* for Leerink's deposition, but that he was confident the parties would be able to resolve the issue on their own.  Counsel for SHS represented that he did not recall receiving a Schedule A attached to the subpoena, however agreed to produce them barring documents responsive to requests that Leerink objected to. Despite the blatant disregard for the discovery deadlines, the Court agreed to briefly reopen discovery for the limited purpose of producing documents responsive to Leerink's subpoena, with all remaining discovery actions to be completed no later than April 27, 2023. On April 26, 2023, SHS counsel and Leerink produced some of the requested documents and objected to all others.  [See Dkt. 116 at 2].  Silberberg now argues that he is entitled to the remaining documents requested in the March 30, 2023 subpoena, which was issued after the

close of discovery before the Court briefly reopened and extended discovery to April 27, 2023 for limited purposes with the assurances from the parties that they would be able to resolve the issues on their own. [Id.]. He also claims Leerink and SHS counsel have not acted in good faith by withholding various documents requested in the Schedule A. [Id.]. The Court does not view either party as having clean hands in this dispute. The parties have privately agreed to continue discovery beyond the deadlines and scope set by the Court. In this Court's Standing Order regarding General Motion Practice, publicly available on the District of Massachusetts' website, the Court advises litigants that it will not entertain discovery disputes conducted beyond the Court-ordered deadlines or limited extensions. See AK Standing Order Regarding General Motion Practice.

## II.     LEGAL STANDARD

District courts have "broad discretion in pretrial management matters," including discovery matters. Curet-Velazquez v. ACEMLA de Puerto Rico, Inc., 656 F.3d 47, 54 (1st Cir. 2011); see also Neth. Ins. Co. v. HP, Inc., No. 18-CV-12136-DLC, 2022 WL 18027562, at *2 (D. Mass. Dec. 30, 2022); Faigin v. Kelly, 184 F.3d 67, 84 (1st Cir. 1999) ("A district court's case-management powers apply with particular force to the regulation of discovery and the reconciliation of discovery disputes."). Even parties that have collectively agreed to bypass discovery deadlines have "no ground to excuse" untimely discovery. Berio-Ramos v. Flores-García, 2016 WL 868804, at 2 (D.P.R. Mar. 7, 2016) (citing Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) (ruling that "a litigant who ignores a case-management deadline does so at his peril")). "The parties should not presume to amend court orders on their own." Objective Interface Sys., Inc . v. Vertel Corp., No. 06-MC-10192-RWZ, 2006 WL 1361227, at *1 (D.

Mass. May 16, 2006) (denying the motion to compel where the discovery deadline had passed and there was no request for an extension).

Courts have routinely denied untimely motions to compel filed after the close of discovery in cases where the discovery was timely served. See Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (finding no abuse of discretion by the district court in denying the plaintiff's motion to compel document production filed more than a month after the discovery deadline); Banks v. CBOCS W., Inc., No. 01 C 0795, 2004 WL 723767, at *2 (N.D. Ill. Apr. 1, 2004) (finding motion to compel filed two months after discovery deadline "clearly untimely"); Sellers v. U.S. Dep't of Def., No. CA 05-381 S, 2007 WL 9782872, at *10 (D.R.I. Nov. 9, 2007) (denying untimely motions to compel as they would be prejudicial to defendants and "undermine" the court's "orderly processes").

### III.   DISCUSSION

Silberberg's failure to adhere to discovery rules and deadlines places him in a poor position to argue that the Court should hold a third party accountable for noncompliance. His motion to compel documents comes nearly seven months after the close of the second extended discovery deadline and attempts to enforce a subpoena served six months after the second extended discovery deadline. While the Court briefly reopened discovery and extended the deadline for a third and final time to April 27, 2023, it did so only after Silberberg served the late subpoena to allow the parties to complete all outstanding discovery actions concerning the March 30, 2023 subpoena. In fact, Silberberg's counsel represented at the conference that he was confident the parties could resolve the remaining discovery issues. This brief extension did not change the fact that the subpoena was untimely when first served. Further, the Court did not intend for parties to carry on stale discovery disputes that should have been litigated prior to the

second extended deadline. The Court has implemented a standing order for general motion practice addressing this very scenario, where parties privately agree to continue discovery beyond court-ordered deadlines. See J. Kelley Standing Order Regarding Motion Practice. The order makes clear that parties who engage in post deadline discovery do so at their own risk, as the Court will not entertain any motions concerning untimely discovery disputes that may result. Id.

### A. Timeliness Objection

SHS argues that Silberberg is not entitled to belated discovery. [Dkt. 118 at 15]. The Court agrees. Despite the discussion during the April 13, 2023 status conference and Silberberg's assurance that the parties would be able to resolve all remaining discovery issues, on the last day of the reopened discovery, Silberberg filed a motion to compel. The Court was clear as to its intention when reopening discovery that all actions were to conclude April 27, 2023. While motions to compel filed during discovery are generally found to be timely, the unique circumstances of this case, coupled with the Court's order to complete all remaining actions by the April 27, 2023, indicate otherwise. To grant the motion to compel at this juncture would have the effect of continuing discovery beyond the April 27, 2023, deadline, which the Court declines to do, especially within weeks of the commencement of trial. See Mash Enters., Inc. v. Prolease Atl. Corp., No. CIV.A. 01-2437, 2003 WL 251944, at *3 (E.D. Pa. Jan. 31, 2003) (denying motion to compel where "in order to grant [p]laintiff's [m]otion, the Court would essentially be opening discovery once again engendering more potential discovery disputes"); Sellers, 2007 WL 9782872, at *10 (denying untimely motions to compel as they would be prejudicial to defendants and "undermine" the court's "orderly processes").

SHS, however, is not without blame, as it too played a role in, and benefited from, engaging in discovery well after the second order for discovery deadlines without the Court's permission. [See Dkt. 107-12]. It appears that a subpoena *duces tecum* containing the Schedule A at issue here was served (and proof of service was provided) prior to the second extended discovery deadline in September 2022. That deposition, however, was canceled, and attempts were made after the cancelation to reschedule several months after the close of discovery. [See Dkt. 107-1; Dkt. 107-2; Dkt. 107-3; Dkt. 107-4; Dkt. 107-5; Dkt. 107-6; Dkt. 107-7; Dkt. 107-8; Dkt. 107-9; Dkt. 107-10; Dkt. 107-11; Dkt. 107-12; Dkt. 107-13]. Despite this foreseeable delay, neither party bothered to file another motion to extend the deadline, despite several postponements of the deposition. While this Court recognizes the difficulties with scheduling nonparty depositions, it does not excuse the parties' complete disregard of the Court ordered schedule. The September 2022 subpoena is not at issue here, and the fact that Leerink was once served an identical subpoena *duces tecum* before the close of discovery is not an exception that would allow Silberberg to enforce the March 2023 subpoena, which was served after fact discovery closed. In re Celexa & Lexapro Mktg. & Sales Pracs. Litig., 288 F. Supp. 3d 483, 488 (D. Mass. 2018), vacated on other grounds, 915 F.3d 1 (1st Cir. 2019) ("Although the Court acknowledges the difficulties faced by the plaintiff in serving a subpoena … [the party] is not entitled to reopen discovery almost one year after the deadline, especially where they made no attempt to amend the scheduling order."). Furthermore, Leerink is adamant that the March 2023 subpoena was never served with a Schedule A [Dkt. 118 at 16-17], and Silberberg failed to provide any proof of service that the March 2023 subpoena with the Schedule A was ever served upon Leerink. The failure to include the Schedule A with the deposition subpoena is another basis for denying the motion to compel. See, e.g., Santiago v. City of Springfield, No.

IVILACTION1911869MGM, 2022 WL 2532970, at *2 (D. Mass. Jul. 7, 2022) (finding that the City's failure to serve the subpoena required the court to deny its motion to compel a third party deposition).

Additionally, the subpoena sought information that should have been requested from SHS through Rule 34 document requests. Importantly, Silberberg offers no explanation for why third-party Leerink would possess any of the requested documents—and Leerink argues that he does not, with the exception of a few requests. [See Dkt. 118 at 18-19]. Moreover, neither the September 2022 subpoena nor the March 30 Schedule A were served within a timeframe that would allow SHS 30 days before a discovery deadline to respond—as would be required had these document requests been served on SHS under Fed. R. Civ. P. 34. Instead, the subpoena appears to be a backdoor attempt to obtain documents that should have been obtained from SHS during the discovery window. Now that Silberberg has not prevailed in the other courts, he "cannot now obtain through one means, Rule 45, what he has been precluded from obtaining through another, the expired discovery schedule." Alper v. United States, 190 F.R.D. 281, 284 (D. Mass. 2000). "[T]o allow a party to continue with formal discovery—that is, discovery which invokes the authority of the Court—whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial." Alper, 190 F.R.D. at 284 (quoting Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 177 F.R.D. 443, 445 (D.Minn. 1997)).

### B. Remaining Objections

The Court briefly addresses Leerink's remaining arguments that the Schedule A document requests seek information that has already been produced, are privileged, or not in his

8

possession. [Dkt. 118 at 18]. As to the two requests that Leerink does possess responsive documents for and has not produced [Dkt. 118 at 18-19]—Requests 1 and 10—they do not appear to be relevant and may implicate privilege issues. See Fed. R. Civ. P. 26(b). Request 1 seeks documents from SHS regarding its ownership structure and business model which, first, should have been requested from SHS through Fed. R. Civ. P. 34 during discovery. See Alper, 190 F.R.D. at 283-284. Second, the Court struggles to see any relevance of SHS' ownership structure or business model to the claims against Silberberg to pay back outstanding funds. Silberberg's argument that he needs the closing conditions that SHS required from HarborOne [Dkt. 116 at 3-4], notwithstanding the tenuous relevance of this information in and of itself, fails to provide any explanation of why ownership structures and business models would lead to information about closing conditions in this specific instance. Lastly, regarding the argument that Silberberg seeks privileged documents, while Leerink failed to provide a cogent analysis of why some or all documents responsive to the request would be privileged or whether there would be any responsive documents that were not privileged, the time has passed to entertain this dispute. This Court will not order Leerink to comply any further with the Schedule A document requests that could implicate further motion practice. Doing so could have the effect of reopening discovery. See Mash Enters., Inc. v. Prolease Atl. Corp., 2003 WL 251944, at *3 (denying motion to compel where "in order to grant [p]laintiff's [m]otion, the Court would essentially be opening discovery once again engendering more potential discovery disputes").

## IV.     CONCLUSION

For the foregoing reasons, Defendant Silberberg's motion to compel production of the documents in response to the subpoena [Dkt. 116] is **DENIED**. In the final weeks before the commencement of trial, defendant's attempt to re-open discovery through this motion to compel

is rejected. It is the Court's understanding that thousands of documents have been exchanged in this case. The parties are warned in advance of the coming trial that the Court will not tolerate similar games and stunts.

    **SO ORDERED.**

Dated: June 26, 2023                          <u>/s/ Angel Kelley</u>
                                                               Hon. Angel Kelley
                                                               United States District Judge